# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DATAVAULT AI, INC. and NATHANIEL T. BRADLEY, <br> Plaintiffs <br><br> v. <br><br> WOLFPACK RESEARCH LLC and DAN DAVID, <br> Defendants | | No. 25 CV 13724 <br><br> Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss [19] is granted. Civil case terminated.

## STATEMENT

This case is before the Court on Defendants Wolfpack Research LLC ("WPR") and Dan David's motion to dismiss Plaintiffs Datavault, AI Inc. ("Datavault") and Nathaniel T. Bradley's complaint. (R. 19.) The defendants seek dismissal for lack of subject matter jurisdiction and personal jurisdiction. The Court addresses only the former, which disposes of the case. The following description of the events underlying this case is drawn from the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bradley is CEO and co-founder of Datavault, an artificial intelligence and data technology company. (R. 1 ¶¶ 10, 16.) WPR is an "activist research firm" founded by David that conducts financial research and due diligence in an effort to expose purported corporate fraud. (*Id.* ¶¶ 23–25.) In October 2025, WPR published a report disparaging Datavault and Bradley. (*Id.* ¶ 31.) The plaintiffs allege that the report is "replete with a number of false, misleading, and inflammatory statements concerning Plaintiffs." (*Id.* ¶¶ 29–49.) The plaintiffs claim that the defendants published the report to encourage readers to sell shares of Datavault, which depressed the value of Datavault stock. (*Id.* ¶¶ 32–34.) They also allege that David profited from the decrease in Datavault's stock price. (*Id.*) The plaintiffs bring claims for defamation, false light, tortious interference with contractual or business relations, and unjust enrichment. They seek both damages and declaratory relief. (*Id.* ¶¶ 50–81.) The plaintiffs invoke the Court's diversity jurisdiction. (*Id.* ¶ 13.)

The Court's "first duty" is to address jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) (citation omitted). Federal courts have diversity jurisdiction over

civil cases involving an amount-in-controversy over \$75,000 and parties that, as relevant here, are "citizens of different states." 28 U.S.C. § 1332(a). The latter requires "complete diversity of citizenship," meaning "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) ("*Big Shoulders*"). The parties agree that Bradley is a Pennsylvania citizen. (R. 1 ¶ 10; R. 20 at 3.) This means that if a defendant is also a Pennsylvania citizen, the parties are not completely diverse, and the Court lacks subject matter jurisdiction.

A motion under Rule 12(b)(1) tests the Court's subject matter jurisdiction. *Bazile v. Fin. Sys of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). It is the plaintiffs' burden to establish that the Court has jurisdiction over the case, which, when challenged, must be supported by "competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). The defendants bring a factual challenge, (R. 20), meaning the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008)). The parties submitted evidence concerning the Court's jurisdiction. (*See* R. 20-1; R. 24; R. 25-1-7; R. 29-1.) The Court also held a hearing and invited the parties to submit supplemental evidence on the issue of jurisdiction. (R. 34; R. 35; R. 36.)

WPR. "As a limited liability company, [WPR] is [a] citizen of the states where its owning members are citizens." *Big Shoulders*, 13 F.4th at 565. The defendants submitted two sworn declarations in which David attested that WPR has two owning members: himself and "a Pennsylvania S-Corp." (R. 20-1 ¶ 3; R. 29-1 ¶ 6.) They later submitted a declaration in which David attested that the "Pennsylvania S-Corp" is Paillard & David Consulting Inc., which was formed in Pennsylvania and has its principal place of business and registered office there. (R. 36 ¶¶ 2–5.) The defendants also submitted the corporation's 2023 Schedule K-1 tax form and results from the Pennsylvania Department of State business search records, each of which show a Pennsylvania address for the corporation. (*Id.* at 4–6.) The plaintiffs have offered no proof to the contrary regarding Paillard & David Consulting Inc.'s state citizenship. The evidence establishes that Paillard & David Consulting Inc. is a citizen of Pennsylvania. Because an owning member of WPR is a Pennsylvania citizen, WPR itself is, too. *Big Shoulders*, 13 F.4th at 565.

David. The Court also addresses David's citizenship, as it results in a conclusion that voluntary dismissal of WPR would not cure the jurisdictional defect. As a natural person, David is the citizen of the state where he is domiciled. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634–35 (7th Cir. 2021) (citations omitted). Domicile turns on a person's physical presence in a state and an intent to remain there indefinitely. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiffs contend that David is a New York citizen. (R. 1 ¶ 12; R. 23 at 12.) David did rent an apartment in

2

New York for some years until 2020, but he "never held personal permanent residence in New York." (R. 29-1 ¶¶ 8–11.) Instead, David has twice attested that he lives in Pennsylvania, has lived there for "over thirty years," has lived in the same home in Pennsylvania since 2007, and has no residence other than his home in Pennsylvania. (R. 20-1 ¶ 5; R. 29-1 ¶¶ 2–5; R. 36 ¶¶ 6–9.) Further, the defendants have provided copies of David's driver's licenses going back to 2006, all of which were issued by Pennsylvania. (R. 36 at 7–10.) They have also submitted his voter registration, which lists his Pennsylvania address. (*Id.* at 11.) This is sufficient to show that David is domiciled in, and therefore a citizen of, Pennsylvania. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (a party's home address, driver's license, and voter registration in a state "shows domicile, so subject-matter jurisdiction has been established"). The plaintiffs have not provided sufficient proof to refute this conclusion.

Based on the above, the evidence establishes that David and WPR are Pennsylvania citizens. Because the parties agree that Bradley is also a Pennsylvania citizen, there is no diversity of citizenship among the parties. Accordingly, the Court lacks subject matter jurisdiction and grants the defendants' motion to dismiss on that basis.

Date: July 13, 2026

_____
JEREMY C. D District ANIEL
United States Judge

3